Argued and submitted September 27, 2007, affirmed July 2, 2008

EDGAR LEE WEEMS,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A128497

190 P3d 381

Irene B. Taylor, Deputy Public Defender, argued the cause for petitioner. With her on the briefs were Ingrid Swenson, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Joanna Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner was released on 12 months' post-prison supervision after serving a term of imprisonment on convictions for possession of a controlled substance and manufacture or delivery of a counterfeit substance. He petitions for judicial review of an order of the Board of Parole and Post-Prison Supervision imposing special sex offender conditions of post-prison supervision, to be implemented at the discretion of petitioner's supervising officer. We affirm.

The facts are not disputed. Petitioner committed his drug-related crimes in October 1998 and was sentenced in September 2002. In its November 2004 order of supervision, the board imposed special conditions of supervision that included (1) not contacting minor females or males, (2) submitting to random polygraph tests, and (3) entering and completing an approved sex offender treatment program.[1] All these special conditions of supervision were to be implemented at the discretion of petitioner's supervising officer. In his request for administrative review, petitioner challenged the board's special conditions of supervision because his convictions were for drug-related offenses and he had never been convicted of any sex offenses. In its order on administrative review, the board summarized the facts and the reasons that it relied on in imposing the special conditions of post-prison supervision:

> "On September 6, 1991, you were arrested for the crimes of Sodomy in the First Degree and Sodomy in the Second Degree. These charges were dismissed. On July 22, 1993, you were arrested for the crimes of Sexual Abuse in the First Degree and Sexual Abuse in the Second Degree. You were convicted of the lesser included charge of Menacing. It was these individual circumstances that led the board to determine it was necessary to impose the contested special conditions in your case. The board took into consideration

---

[1] Because petitioner was discharged from post-prison supervision in December 2007, the special condition that petitioner have no contact with minors is moot. However, there remains a justiciable controversy between the parties as to the other special conditions, because the state is seeking payment from petitioner for the costs related to those conditions. The remainder of our analysis concerns only the other special conditions.

the age of the offenses when it imposed the special conditions to be implemented at the discretion of your supervising officer. Consequently, if your supervising officer does not deem it appropriate to implement the special conditions imposed by the board in your Order of Supervision, then you will not have to comply with those conditions. However, if your supervising officer determined that these special conditions were appropriate to implement, then you would have to comply with these conditions."

We turn to ORS 144.102, which grants the board authority to determine the conditions of post-prison supervision. ORS 144.102(3)(a) provides, in part:

"The board * * * may establish special conditions as the board * * * determines necessary because of the individual circumstances of the person on post-prison supervision."

We start by examining our standard of review for each of petitioner's arguments. The standard of review is determined by ORS 183.482(8). *Martin v. Board of Parole,* 327 Or 147, 157, 957 P2d 1210 (1998). ORS 183.482(8) provides, in part:

"(a)   The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, the court shall:

"(A)   Set aside or modify the order; or

"(B)   Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b)   The court shall remand the order to the agency if the court finds the agency's exercise of discretion to be:

"(A)   Outside the range of discretion delegated to the agency by law;

"* * * * *

"(c)   The court shall set aside or remand the order if the court finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

■■    The initial issue concerns the board's determination that the special conditions are "necessary." The parties agree that ORS 144.102(3)(a) grants the board broad discretionary authority to impose special conditions if those conditions are necessary due to either petitioner's individual circumstances or to protect public safety. Pursuant to ORS 183.482(8)(b)(A), we review the board's order to determine whether the imposition of the special conditions was within the range of discretion delegated to it by ORS 144.102(3)(a). Determining whether the board exceeded its discretion in imposing the special conditions implicates additional interrelated inquiries. Specifically, although the board is exempt from the Administrative Procedures Act's requirements for findings of fact and conclusions of law, ORS 183.315(1),[2] the board's findings of fact, if any, must be supported by substantial evidence, and its conclusions must reasonably follow from the facts found, that is, the board's conclusion must be supported by substantial reason. To permit meaningful review for substantial reason, the board must provide "some kind of an explanation [by the agency] connecting the facts of the case (which would include the facts found, if any) and the result reached * * *." *Martin*, 327 Or at 157.[3] Review for substantial evidence and substantial reason is pursuant to ORS 183.482(8)(c). We turn to petitioner's specific arguments and the board's responses to those arguments.

Petitioner argues that the board exceeded its authority in imposing the special conditions, because there is no evidence establishing that the conditions are necessary for

---

[2] ORS 183.315(1) provides, in part:

"The provisions of ORS * * * 183.470 * * * do not apply to the * * * State Board of Parole and Post-Prison Supervision."

ORS 183.470(2) requires that a final order in a contested case contain findings of fact.

[3] Petitioner makes a single assignment of error: "The board erred in imposing sex offender special conditions of post-prison supervision." Also, petitioner states that the standard of review is for abuse of discretion, citing ORS 183.482(8)(b)(A). However, as we understand petitioner's arguments, those arguments implicate other standards of review. As we will discuss, petitioner also argues that the board exceeded its statutory authority in imposing the special conditions and that the board's order lacks substantial reason. Those two arguments are reviewed under ORS 183.482(8)(a) and ORS 183.482(8)(c). Thus petitioner conflates various arguments.

petitioner's reformation or for the protection of the public.[4] Neither petitioner's prior arrests nor his convictions for drug-related crimes, petitioner argues, provides a basis for ordering the special conditions of supervision. Petitioner concludes that the board acted outside the range of discretion granted to it under ORS 144.102(3)(a) in ordering the special conditions, based on speculation of what might be appropriate after a sex offender evaluation. The board responds that, under ORS 144.102(3)(a), the special conditions of post-prison supervision need not necessarily be due to the current convictions, as long as the special conditions relate to the individual characteristics of the offender. The board explains, "It is important to note that the board has not found that petitioner is a sex offender. The board has simply ordered that the possibility be evaluated, and treatment provided if needed." The board relies on circumstances in petitioner's criminal history that suggest that petitioner might benefit from sex offender treatment.

As an initial matter, we agree with the board that ORS 144.102(3)(a) does not require that petitioner be a sex offender or that the current conviction be for sex offenses before the board may order special sex offender conditions.[5] The board is authorized to impose special conditions that either protect public safety or are necessary for the reformation of petitioner. *Martin*, 327 Or at 159. ORS 144.102(3)(a) is a broad, but not unlimited, grant of authority to the board. Unless there is no discernable relationship between the special conditions of supervision and either petitioner's individual circumstances or the protection of the public, the board has not exceeded the range of discretion delegated to it by the legislature.

---

[4] Petitioner concedes that the board can consider the protection of the public in fashioning special conditions of supervision, *see Martin*, 327 Or at 159, even though the protection of the public is not listed in ORS 144.102(3)(a).

[5] In addition to the facts recited in the order, the record shows that, in a sex offender assessment completed September 21, 2004, petitioner reported that the alleged victim of the 1991 dismissed sodomy charges was the 9- or 10-year-old son of a friend. Also, in 1993, petitioner was convicted of two counts of endangering the welfare of a minor, although the record does not set forth the facts relating to those convictions.

*Martin* informs our understanding of the board's discretionary authority. In *Martin*, the victim lived within Lane County and there was evidence that a chance encounter between the victim and the petitioner could cause harm to the victim. Based on that fact, the board excluded the petitioner from all of Lane County except for a narrow strip of land along the coast. 327 Or at 151-52. The Supreme Court concluded that the board's "choice in this case lies well within the permissible range of choices that it could make." *Id.* at 160. Here, based on petitioner's arrests in 1991 and 1993, his conviction for menacing, and the contingent imposition of the special conditions of supervision, we cannot say the board exceeded the discretion granted it by ORS 144.102(3)(a).

Petitioner raises an argument that suggests the board's order is not supported by substantial evidence. We would review such an argument under ORS 183.482(8)(c). However, the facts in this case are not disputed. We understand petitioner's argument to be that the board's conclusion from the undisputed facts is not supported by substantial reason. That argument is also reviewed under ORS 183.482(8)(c). We turn to that argument.

Petitioner argues that the board fails to demonstrate any reason, let alone substantial reason, for its conclusion that the special conditions are necessary. In petitioner's view, the board is speculating that he would benefit from or is in need of sex offender treatment. Finally, petitioner argues, the necessity for the special conditions must be apparent from the board's order and the necessity for these special conditions is not apparent from the board's order. The board responds that it explained why it decided to impose the contingent special conditions and that its explanation constitutes substantial reason. In explaining its decision, the board emphasized that the special conditions are required if, and only if, the supervising officer determines that they are appropriate after a sex offender evaluation; thus, the board reasons, the conditions are specially tailored to petitioner's individual needs, as well as the protection of public safety.

██  Again, we agree with the board. Its explanation for the imposition of the contingent special conditions is sufficient to show why the conditions are necessary; thus, the

order is supported by substantial reason. Although the order and the record do not reveal the facts underlying the four charged sex offenses or the menacing conviction, it is the existence of the four charges and the single menacing conviction that triggered the board's concern. In addressing that concern, the board ordered special conditions that are contingent on a subsequent determination, by the supervising officer, that implementing those special conditions is "appropriate" for petitioner's reformation and protection of the public.[6] In making the special conditions contingent on the supervising officer's evaluation—rather than imposing them outright—the board properly considered the age of the dismissed charges and the menacing conviction, as well as the scant record concerning the underlying facts. By structuring the special conditions as it did, the board recognized that additional information might be needed. For that reason, the board delegated to the supervising officer the responsibility to gather additional information if necessary, because that supervising officer is in a better position to evaluate the facts of the dismissed charges and determine whether the circumstances after petitioner is released from incarceration indicate that implementation of the special conditions is appropriate. Based on the undisputed facts and the contingent nature of the special conditions, we conclude that the board's order is supported by substantial reason.

In conclusion, we hold that the board properly exercised its discretion in imposing the contingent special conditions of supervision and that the board adequately explained why it imposed the conditions.

Affirmed.

---

[6] In his reply brief, petitioner argues for the first time that the board lacked authority to delegate to the supervising officer the determination of whether these special conditions should be imposed. Because petitioner did not raise this argument to the board, he did not exhaust his administrative remedies. ORS 144.335(1)(b). In addition, petitioner did not assign it as error in his opening brief. *See Clinical Research Institute v. Kemper Ins. Co.*, 191 Or App 595, 608, 84 P3d 147 (2004) ("We generally will not consider a basis as to why the trial court erred that was not assigned as error in the opening brief but was raised for the first time by way of reply brief."). For both reasons, we do not address petitioner's delegation argument.