Argued and submitted September 27, 2007, affirmed July 23, 2008

## MICHAEL A. ROBERTS,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A124125

190 P3d 397

Irene B. Taylor, Deputy Public Defender, argued the cause for petitioner. With her on the brief were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

After serving a term of imprisonment on convictions for attempted assault in the first degree and unlawful use of a weapon, petitioner was released on 36 months' post-prison supervision. He petitions for judicial review of an order of the Board of Parole and Post-Prison Supervision imposing special sex offender conditions of post-prison supervision, to be implemented at the discretion of petitioner's supervising officer. We affirm.

The facts are not disputed. Petitioner committed his crimes in 1999 and was sentenced in 2000. In its order establishing conditions of post-prison supervision, the board imposed special conditions of supervision that included (1) not contacting minor females or males, (2) submitting to random polygraph examinations, and (3) entering and successfully completing an approved sex offender treatment program. All of those special conditions were to be implemented at the discretion of petitioner's supervising officer. In his request for administrative review, petitioner challenged the board's imposition of those special conditions because none of his convictions was for a sexual offense and he had never been convicted of any sexual offenses. Petitioner argued that the board lacked statutory authority to impose a special sex offender package of conditions.[1] In its administrative order, the board summarized the facts and the reasons that it relied on in imposing the special conditions of post-prison supervision.

■■ Before considering petitioner's arguments, we must determine if his petition is moot. Petitioner has completed his term of post-prison supervision and was discharged from supervision. The board moved to dismiss the petition, and petitioner opposed the motion. The board argued that petitioner's discharge rendered the petition moot because he was

---

[1] We note that the board did not impose a "sex offender package" of special conditions. Statutory authority for such a package is under ORS 144.102(3)(b). As the board noted, it imposed its special conditions under ORS 144.102(3)(a). In addition, under ORS 144.102(3)(b), the board shall include all the listed special conditions of supervision. Here the board did not include all the special conditions listed in ORS 144.102(3)(b). However, because petitioner refers to the special conditions as a "sex offender package," we will continue to use that phrase.

unconditionally released and discharged from all supervision. Petitioner argued that his discharge did not render his petition moot because the state was currently seeking payment from petitioner for the costs of the special conditions of supervision, which included costs of the special sex offender conditions. Petitioner contended that the special conditions were erroneously imposed, and if the special conditions were removed, he would not be responsible for paying the costs for the special conditions. We denied the motion to dismiss "with leave to renew if [the board] c[ould] show that no portion of the charges [was] attributable to the sex offender package or upon a showing that the [b]oard has sent petitioner an amended bill that omits any charge for the sex offender package." The board did not renew its motion to dismiss.

To the extent that the state is seeking payment for costs related to the special sex offender conditions, we agree with petitioner that the controversy pertaining to those conditions is not moot. In *Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993), the Supreme Court explained that a justiciable controversy exists when (1) the interests of the parties to the action are adverse, and (2) the court's decision in the matter will have some practical effect on the rights of the parties to the controversy. In *Brumnett*, the petitioner petitioned for judicial review of the PSRB decision not to release him from the state mental hospital. *Id.* at 404. While review was pending, the PSRB, in a separate hearing, released the petitioner "unconditionally." In response to the PSRB's argument that the case was moot, the petitioner argued that the case was not moot because the state had statutory authority to seek payment from the petitioner for the expenses for his hospital care. *Id.* at 404-05. The Supreme Court dismissed the petition as moot because the state was not *then* seeking payment from the petitioner, and whether the petitioner would ever be required to pay for the care was uncertain and, at best, a mere possibility. *Id.* at 406-07.

In contrast to *Brumnett*, here the state is *currently* seeking payment from petitioner for the costs of supervision, which includes the cost of complying with the special sex offender conditions. This controversy remains at least partially justiciable: First, the interests of the parties are adverse. As the Supreme Court explained in *Brumnett*,

"potential economic liability demonstrates some adversity" between the parties. *Id.* at 405. Second, a judgment from this court will have a practical effect on the rights of the parties because, if the board erroneously imposed the special sex offender conditions, petitioner may dispute the amount that he owes to the state for supervision charges.

Here, three special sex offender conditions were imposed. Petitioner was (1) prohibited contact with minors, (2) required to submit to polygraph examinations, and (3) required to complete sex offender treatment. As to the first condition, that petitioner have no contact with minors, we conclude the challenge to that condition is moot because there is no longer a justiciable controversy between the parties; petitioner has been discharged from supervision and that condition did not result in any financial liability.

However, we reach a different conclusion as to the second condition, that petitioner submit to polygraph examinations, and the third condition, that petitioner complete sex offender treatment. The state is currently seeking payment from petitioner for costs associated with those conditions. Thus, there is a current controversy between the parties. In addition, if we were to conclude that the conditions were erroneously imposed, our decision could potentially change the economic liability of petitioner. Accordingly, we conclude that the petition for judicial review, with respect to those conditions, is not moot. We turn to the merits.

In *Weems v. Board of Parole*, 221 Or App 70, 190 P3d 381 (2008) we rejected the same argument that petitioner raises here. We reject petitioner's arguments that the board erred in imposing the special conditions of post-prison supervision for the reasons expressed in *Weems*.

Affirmed.