Argued and submitted November 24, on respondent's motion to dismiss filed November 23, and appellant's response to motion to dismiss filed December 7, 2009, motion to dismiss denied; judgment revoking probation reversed August 4, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID PAUL BLANCHARD,
*Defendant-Appellant.*

Multnomah County Circuit Court
070532384; A138909

236 P3d 845

Ryan T. O'Connor, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

### LANDAU, P. J.

■ Defendant appeals a judgment revoking his probation on a conviction for possession of cocaine. He assigns error to the trial court's failure to allow him to proceed *pro se*, contending that the trial court's determination that he must proceed with court-appointed counsel violated his right to represent himself under Article I, section 11, of the Oregon Constitution,[1] and the Sixth and Fourteenth Amendments to the United States Constitution.[2] The state moves to dismiss the appeal on the ground that, defendant having served the sanction imposed for his probation violation, the case is now moot. We deny the motion to dismiss, agree with defendant that the trial court erred in failing to allow him to proceed *pro se*, and therefore reverse.

The relevant facts are not in dispute. In defendant's original criminal prosecution, he pleaded guilty to possession of cocaine and was sentenced to 18 months' probation. He was later arrested for violating his probation, based on his failure to report to his probation officer. Two weeks later, he appeared at a probation revocation hearing with his court-appointed attorney. Defendant told the court that he was not comfortable with his attorney and asked to proceed without counsel. Defendant said, "I honestly really feel, if it be allowed, I would assume to proceed with this hearing today without an attorney." The trial court asked whether defendant was requesting to represent himself, and defendant replied, "Represent myself, just explain what circumstances I feel exist and leave it upon the court to make a decision." The court denied the request. The court told defendant that time was limited and that defendant's self-representation would delay the proceeding. Further, the court explained, defendant had an experienced attorney who could represent him, and, because of the potential for a jail sanction, it was a "very, very bad idea" for defendant to represent himself. Defendant

---

[1] Article I, section 11, provides, in part, "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel."

[2] The Sixth Amendment provides, in part, "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." The Sixth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment. *Gideon v. Wainwright*, 372 US 335, 342-45, 83 S Ct 792, 9 L Ed 2d 799 (1963).

responded, "Yes, sir." The court then revoked defendant's probation, based on defendant's admission that he had failed to report to his probation officer, and imposed a six-month jail sentence with 12 months of post-prison supervision. On appeal, as we have noted, defendant challenges the trial court's denial of his request to proceed *pro se*.

■     We begin with the state's motion to dismiss. In *Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993), the Supreme Court explained that a case is not moot when the interests of the parties are adverse and the court's decision will have some practical effect on the rights of the parties. The record in this case shows that there are outstanding supervision charges that the state continues to assess against defendant for the period of post-prison supervision imposed as a result of the revocation of defendant's probation. That potential economic liability demonstrates that the parties continue to be adverse and that a decision on the merits will have some practical effect on the rights of the parties. Accordingly, we conclude that the case is not moot. *See Roberts v. Board of Parole*, 221 Or App 278, 281, 190 P3d 397 (2008) (to the extent that the state was seeking payment for costs related to special sex offender conditions, controversy pertaining to those conditions is not moot).

■     Turning to the merits, we agree with defendant that, under Article I, section 11, and under the Sixth Amendment, defendant's right to counsel includes a right to self-representation. *State v. Verna*, 9 Or App 620, 624, 498 P2d 793 (1972) ("A defendant in a criminal case has the constitutional right not only to be represented by counsel, but also, if he so elects, to represent himself."); *see also Faretta v. California*, 422 US 806, 819, 95 S Ct 2525, 45 L Ed 2d 562 (1975) ("The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense."). Whether that right has been violated presents a question of law. *See State v. Davis*, 110 Or App 358, 360-61, 822 P2d 736 (1991) (reviewing issue as a question of law); *see also Faretta*, 422 US at 819 (same).

■ ■     The right to representation by counsel may be waived, so long as the defendant's decision to waive "is an intelligent and understanding one." *Davis*, 110 Or App at

360; *see also Faretta*, 422 US at 807 (decision must be made "knowingly and intelligently"). In this case, there is no contention that defendant's waiver was not an intelligent and understanding one.

■ The right to waive counsel is subject to the condition that self-representation not result in the disruption of the orderly conduct of the trial. *Verna*, 9 Or App at 627. Again, however, there is no suggestion in this case that defendant representing himself would have disrupted the proceedings.

The state nevertheless argues that the trial court did not err in declining to permit defendant to represent himself for two reasons, neither of which we find persuasive.

■ First, the state contends that, under ORS 137.545(6), defendant's request was untimely. That statute provides that a revocation hearing ordinarily must take place within 14 days of arrest or detention. In this case, defendant requested self-representation on the fourteenth day after his arrest and stated that he was ready to proceed at that time. Defendant's request was timely.

■ Second, the state contends that, in any event, defendant's request was "arguably equivocal," based on the fact that defendant said, "Yes, sir," following the court's explanation of the reasons for denying his request for self-representation. Defendant, however, clearly asked to "[r]epresent myself." The fact that he politely accepted the court's rejection of the request does not mean that the request was equivocal.

■ The state contends that, in any event, in light of defendant's admission that he failed to report to his probation officer, any error in failing to allow defendant to represent himself at the probation revocation hearing was harmless. Under the Sixth Amendment, however, a court's denial of a defendant's right to be self-represented is "structural error" that is not subject to harmless error analysis. *United States v. Gonzalez-Lopez*, 548 US 140, 149-50, 126 S Ct 2557, 165 L Ed 2d 409 (2006); *McKaskle v. Wiggins*, 465 US 168, 177-78 n 8, 104 S Ct 944, 79 L Ed 2d 122 (1984). We therefore conclude that the trial court's failure to allow defendant to represent himself was an error that requires reversal.

Motion to dismiss denied; judgment revoking probation reversed.