Argued and submitted March 28, 2012, affirmed July 10, petition for review denied November 27, 2013 (354 Or 490)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DOUGLAS WAYNE FREDINBURG,
*Defendant-Appellant.*

Lane County Circuit Court
211001655; A145884

308 P3d 208

Bronson D. James argued the cause for appellant. With him on the brief was Bronson James, LLC.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

SERCOMBE, J.

SERCOMBE, J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. He contends that the trial court erred in denying his motion, made two days before the start of trial and again on the morning of trial, to substitute counsel and postpone the trial. Defendant further argues that the court erred in denying his motion, made during the trial, to represent himself *pro se* for the remainder of the proceeding. We conclude that the trial court did not abuse its discretion in denying those motions and, accordingly, affirm.

After defendant's truck was stopped by a sheriff's deputy for a traffic violation, defendant was arrested for DUII. A breath test administered with an Intoxilyzer 8000 machine after defendant's arrest measured his blood alcohol content to be 0.18 percent. Defendant was charged by information with DUII.

Trial was set for April 28, 2010, and defendant retained attorney Bons to represent him. Later, the court granted defendant's motion to continue the time of trial, and the trial date was reset to June 3. A second motion to postpone the trial was denied on June 2 by the presiding judge.

Ultimately, the trial began on June 4, and, that morning, Bons filed a motion for an order allowing him to withdraw as counsel for defendant and for a trial continuance to allow defendant's new attorney, Romano, time to prepare. In a supporting affidavit, Bons asserted that a breakdown in the attorney-client relationship had occurred on June 3 for a reason that could not be disclosed "without a violation of the confidentiality of certain communications from [defendant] to [Bons]" and that defendant was retaining different counsel. At the hearing on the motion, Bons argued that he could not comply with defendant's directions because of Oregon Rule of Professional Conduct 1.2(c). That rule mandates that a lawyer "not counsel a client to engage, or assist a client, in conduct that the lawyer knows is illegal or fraudulent[.]" Bons reiterated that his client relationship with defendant was broken. However, the presiding judge denied the motion:

"What this looks like is, you wanted to postpone. You didn't get it, so you figured out another way to get the case postponed by claiming that your client wants to perpetuate a fraud upon the Court, so, [defendant], I don't want you to say anything about this because basically what he's saying is that you want to perpetuate a fraud upon the Court.

"I don't want you to respond, but I actually don't believe it, so that's my problem. I don't find any credibility in this. This is the most unbelievable situation possible. I found your Motion incomprehensible."

Later that morning, the trial judge allowed the state's motion *in limine* to exclude the testimony of defendant's expert, Daniels, on the functioning of the Intoxilyzer 8000 machine. Defendant's motion to dismiss the information was denied.

Bons immediately filed a motion to reconsider the June 2 motion to postpone and the June 4 motion to withdraw and postpone. He argued that Romano was retained and needed more time to prepare for trial. The motion to reconsider was allowed by the presiding judge. However, the court adhered to its earlier rulings, commenting that Bons's record requests regarding the Intoxilyzer machine were "fishing expedition[s]" and that the motion to withdraw was a "subterfuge":

"So, then at the very last moment—on the morning of trial, this morning—a Motion to Withdraw is filed literally at 9:30 in the morning at the time for trial. A Motion to Withdraw is filed and, as I stated earlier, that Motion was denied because I didn't find the Affidavit to be factually true, and I still don't.

"I have a good understanding of what the Case Law is on the Defendant having the right to have Counsel of his own choosing and I certainly would review those cases. 9:30 a.m. on the morning of trial, which is exactly the moment set for the beginning of trial, is not an appropriate time to file a Motion that is not based in fact in order to change lawyers.

"My finding was that it is basically subterfuge, to try and achieve the purpose that was thwarted on the 2nd of June of trying to get the trial postponed, so I'm treating these Motions today, at this time, as Motions to Reconsider.

Reconsideration is granted and my former Rulings are adhered to."

Defendant then addressed the court:

"[DEFENDANT]: What I'd like to say, Your Honor, is actually I didn't feel that Mr. Bons had enough experience to defend me. We have a big difference in strategy and a conflict in personality. I felt like I'm not being represented and he's not doing things I thought he was going to do, or planned on doing, and doing things I didn't know he was going to do. * * * I don't feel that he is a bad person. I just feel lack of experience, lack of interest, strategy differences and conflict, and if I was to get it postponed, I'm not asking for a lot of time either, just enough to get a lawyer that I feel comfortable going to trial with. That's all I have to say, Your Honor.

"THE COURT: Thank you. Of course, all of this is news to me. That was not the basis of the Motion to Withdraw that was made this morning."

The court concluded that the motions were not timely made and stated, "[Y]ou are in trial, so that's the way it is."

The trial started, a jury was selected, opening statements were made, and the state examined its first witness. The proceedings were then adjourned to June 8. On June 7, shortly before the trial recommenced, defendant again moved to continue the trial and substitute counsel. Defendant testified in a supporting affidavit that "[t]he request for a postponement and firing of my attorney has never been some sort of plan of mine or my attorney, but rather has come about due to my sincere and well-founded concern that the attorney I hired didn't do many of the things he said that he would [do] in preparation for trial." Defendant further averred:

"I respectfully renew my request for a continuance of the trial and Mr. Bons'[s] withdrawal. If the Court will not allow a postponement, I request that Mr. Bons remain working on the case only because I cannot try the case on my own with such short notice."

(Underscoring in original.)

When that motion was argued to the court, however, Bons amended the request:

"Additionally, to this request, it may not have been clear, but in talking to my client this morning, he has requested that he represent himself for the duration of this trial, to do direct and cross examination.

"I think he is capable of doing so. He is not law trained, certainly, but I believe constitutionally he has the right to do so. I recommended against him doing so and I've offered my assistance in the procedural matters and offered whatever help I can to assist him through to the finish of this trial."

Defendant asked to address the court so that "the record [was] made clear for the right of appeal based on ineffective assistance of Counsel and post-conviction relief." The court responded that the record was not so clear in the following colloquy:

"THE COURT: All right, your attorney has indicated that you don't want him to represent you and you want to represent yourself. You want to cross examine witnesses. You want to present your own testimony, try to deal with evidentiary issues. You want to do all of that on your own. Is that right or is that wrong?

"I read your affidavit to indicate that you wanted Mr. Bons to continue on the case only if the Court denied your Motion to Postpone, so, which is it?

"Your affidavit says if the Court will not allow a post-ponement, I request that Mr. Bons remain working on the case only because I cannot try the case on my own with such short notice.

"That seems to me to be an acknowledgment by you, under oath, that you don't have legal training. You haven't gone to Law School. You're not familiar with the Rules of Evidence. You're not familiar with other issues of law, so I guess what I'm asking you is, Mr. Bons is under the impression you did not want him speaking on your behalf or being your lawyer.

"You filed this affidavit and I've allowed you to make this statement, are you telling me you want to represent yourself or you are going to let Mr. Bons continue to represent you?

"[DEFENDANT]: Your Honor, in my heart, I feel it is crazy and insane for me to even try to represent myself,

but my lawyer—he hasn't even prepped me for the stand, I don't know what questions he is going to ask—

"THE COURT: Sir, I don't want to talk to you about your discussions with your attorney.

"[DEFENDANT]: I talked to him outside about assisting me and helping guide me through it so I could do my own questioning, Your Honor, yes.

"THE COURT: Well, [defendant], I agree with you that it is absolutely crazy to let you try to do this yourself. Am I correct you don't have any legal training?

"[DEFENDANT]: I have no legal training and I feel I have no competent representation for this trial and I feel I am being forced to go to trial without legal, competent representation, Your Honor.

"THE COURT: Well, you've made your position. Counsel has represented you in this matter. The case has proceeded before the jury. Counsel understands the Rules of Evidence and has followed the Court Rules and Rules of Evidence and proceedings in this case thus far.

"Essentially, I agree with you. I think it would be foolish, fool hardy and crazy to put you in a position where you are trying to do this yourself, so, I am denying the Motion to Reconsider and Postponement.

"I am going to go ahead and I am also going to require Mr. Bons to continue to represent you to the best of his ability, and you can confer with him with regard to the scope and what you want to do and proceed and he can take direction from you, but he's still going to be your attorney of record. You understand, sir?

"[DEFENDANT]: Yes, Your Honor.

"THE COURT: All right, thank you.

"[DEFENDANT]: May I ask a question?

"THE COURT: You may ask. I may not answer, but go ahead.

"[DEFENDANT]: Because I am not legally qualified to do this, and I've had very short notice and he, I guess, is going to assist me in procedure—

"THE COURT: I'm not letting you represent yourself, sir. I agree with you, you are not competent to do this. You don't have the training. You don't have the ability. We are not going to stop the trial.

"It has proceeded. We've selected a jury and he's going to continue to be your attorney. That's the Court's Order."

The prosecution did not oppose defendant's request or make a record on whether defendant's proposed self-representation would be disruptive to the trial proceedings. Bons continued to represent defendant for the remainder of the trial, and defendant was ultimately convicted of the charge.

On appeal, defendant first contends that the court abused its discretion when it denied defendant's requests to postpone the trial and substitute counsel. The state responds that denial of a continuance was within the court's discretion, given its factual determination that the request was a "subterfuge" made in order to continue a "fishing expedition[.]"

We review a denial of a continuance request on the day of trial in order to hire a new attorney for abuse of discretion by the trial court. *State v. Martinez*, 224 Or App 588, 591-92, 198 P3d 957 (2008), *rev den*, 346 Or 364 (2009). In *Martinez*, the defendant sought a continuance on the day of trial to obtain new counsel. We concluded that, although a trial court "must reasonably accommodate a defendant's right to the counsel of his or her choice[,]" it was not an abuse of discretion to deny a requested postponement "when the defendant has had prior opportunity to hire private counsel and has failed to request a continuance in a timely manner." *Id*. at 592. Moreover, it is not an abuse of discretion to avoid further delay "unless a defendant makes a specific showing of good cause." *Id*. We further explained, in *State v. Pflieger*, 15 Or App 383, 390, 515 P2d 1348 (1973), that a "defendant need not be allowed without a showing of substantial cause to disrupt the orderly processes of justice by seeking on the very morning of trial to change counsel."

The presiding judge denied defendant's requests for continuance of the trial date three times. The June 2 motion was denied, as the court later explained, because the delay was sought for a "fishing expedition" and the court "could not get from Mr. Bons an explanation that made sense to [it] about exactly what the history of the requests were, what the purpose of the requests were, [and] what kind of data he was seeking and for what reason. It was not adequately

articulated." Because defendant failed to provide sufficient cause for postponement, the court did not abuse its discretion in denying the June 2 motion.

The next motion to postpone was made on the morning of June 4 "at the time for trial" and was supported by the motion to withdraw and affidavit of counsel that the attorney-client relationship had been severed the previous day and could no longer exist. The court denied that motion because it did not believe the affidavit to be "factually true" and because "the moment set for the beginning of trial[] is not an appropriate time to file a Motion that is not based in fact in order to change lawyers." It was within the discretion of the presiding judge to deny the second motion to postpone because it was not supported by sufficient cause and because it was untimely.

Another request to postpone was considered after the presiding judge allowed reconsideration of the earlier ruling that day. That request was made during the afternoon of June 4 after the motion *in limine* hearing and before the *voir dire* examination of potential jurors. The court reiterated the reasons for the continuance denial (the asserted need for a new attorney because of a breakdown in the attorney-client relationship was not credible and it was not otherwise shown that additional time was needed for trial preparation) and denied the motion. Defendant's further explanation of the reasons for not continuing with Bons's representation—"lack of experience, lack of interest, strategy differences and conflict"—were discounted by the court as "not the bas[es] of the Motion to Withdraw that was made this morning." Ultimately, the court decided that a motion to postpone at that point was untimely. ("[Y]ou are in trial, so that's the way it is.")

We conclude that a continuance request that is made after a case is called for trial and a pretrial evidentiary hearing has occurred is not requested in a "timely manner" under *Martinez*. 224 Or App at 592. It was not an abuse of discretion for the court to deny the motions as untimely.[1]

---

[1] ORS 136.070 requires that a motion for postponement be made before a case "is called for trial." It provides that,

Defendant next asserts that the trial judge's denial of his right of self-representation was error as a matter of law. A criminal defendant has a constitutional right, under the Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution, to represent himself and to otherwise waive the right to representation by legal counsel when the defendant "voluntarily and intelligently" elects to do so.[2] *Faretta v. California*, 422 US 806, 807, 95 S Ct 2525, 45 L Ed 2d 562 (1975); *State v. Verna*, 9 Or App 620, 624, 498 P2d 793 (1972) ("A defendant in a criminal case has the constitutional right not only to be represented by counsel, but also, if he so elects, to represent himself."). The request for self-representation and waiver of legal representation may be denied under Article I, section 11, however, if the request is unclear or equivocal or if it would result in the disruption of the orderly conduct of the trial. *See State v. Blanchard*, 236 Or App 472, 475-76, 236 P3d 845 (2010) (reviewing denial of self-representation request under Article I, section 11, for whether waiver of legal representation was "intelligent and understanding" and whether request was unequivocal and not disruptive in effect).[3]

---

"[w]hen a case is at issue upon a question of fact and before the same is called for trial, the court may, upon sufficient cause shown by the affidavit of the defendant or the statement of the district attorney, direct the trial to be postponed for a reasonable period of time."

Defendant's June 4 and 7 postponement requests were untimely under ORS 136.070.

[2] The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." Article I, section 11, states, in pertinent part, that, "[i]n all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

[3] We interpret defendant's claim of error to be based entirely on Article I, section 11. To whatever extent defendant's claim rests on the Sixth Amendment, it lacks merit. Federal courts have broad discretion to deny an untimely self-representation request under the Sixth Amendment and generally have held that a request made during a trial is untimely:

"*Faretta* stressed that the request [for self-representation] in that case was made 'well before the date of trial.' This suggests that, at some point, a request might be so disruptive of the orderly schedule of proceedings as to justify rejection on that ground alone. Provided [the] defendant does not demand additional time to prepare, lower courts generally deem pro se motions to be timely as long as they are made before trial. On the other hand, the trial court is recognized as having broad discretion to reject as untimely a request made during the course of the trial."

The parties do not dispute that defendant's purported waiver of counsel was intelligent and understanding. *See State v. Meyrick*, 313 Or 125, 134, 831 P2d 666 (1992) ("[T]he record as a whole [must] show[] that the defendant knew of his or her right to counsel and that the waiver of counsel was an intentional relinquishment or abandonment of that known right.").[4] Whether defendant's self-representation request was unequivocal presents a closer question, and one that we need not decide.[5] Even assuming that defendant's self-representation request was unequivocal, intelligent, and understanding, it was within the discretion of the trial court to deny the midtrial request if the court concluded that the timing of the change or other consequences of the self-representation would be disruptive of the orderly conduct of the trial in a way that would be unreasonable under the circumstances. *See Blanchard*, 236 Or App at 476 ("The right to waive counsel is subject to the condition that self-representation not result in the disruption of the orderly conduct of the trial."); *State v. Greenough*, 8 Or App 86, 92, 493 P2d 59 (1972) (a choice of counsel must be accommodated by the court unless "it will result in * * * a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case" (citation and internal quotation marks omitted)). Thus, defendant is incorrect in contending that a trial court lacks any discretion to deny an unequivocal, knowing, and intelligent request for self-representation.

Defendant alternatively contends that "[t]here is no indication in the record that defendant's self-representation" would be disruptive under *Blanchard* and, consequently,

---

Wayne R. LaFave, Jerald A. Israel, Nancy J. King, & Orin S. Kerr, 3 *Criminal Procedure* § 11.5(d), 753-54 (3d ed 2007) (footnotes omitted).

[4] The record in this case shows that defendant explicitly requested that the trial court allow his self-representation, that he obtained advice of counsel before doing so, and that he acknowledged his inadequacies with respect to accomplishing that prospective task. Defendant had been engaged in the defense of his case, having retained and collaborated with his expert. Defendant had been represented by counsel in at least one DUII jury trial in the past and thus had had the opportunity to observe how to conduct a DUII defense.

[5] *See U.S. v. Mendez-Sanchez*, 563 F3d 935 (9th Cir), *cert den*, 558 US 900 (2009) (concluding that a request for self-representation with standby counsel was an equivocal demand for self-representation and insufficient to invoke the defendant's Sixth Amendment right).

that the trial court lacked discretion to deny the request. We determined in *Koller v. Schmaing*, 254 Or App 115, 296 P3d 529 (2012), *rev den*, 353 Or 445 (2013), albeit in a civil trial context that concerned a statutory right of self-representation, that the record was insufficient to support the conclusion that an allowance of self-representation would be disruptive. Accordingly, we concluded that the trial court abused its discretion in denying the request. *Id*. at 138-42. There, a counterclaim individual defendant in a wrongful discharge case sought to represent himself and to discharge his attorney on the ninth day of the trial. The attorney had represented both defendant and the corporate defendant, with whom defendant was aligned as a principal, in the defense of the counterclaim. The court denied the request on the ground that the only defendant was a corporation and could not be represented in court by a lay person. *Id*. at 121-23; *see* ORS 9.320 ("Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, except that the state or a corporation appears by attorney in all cases, unless otherwise specifically provided by law.").

The trial court in *Koller* was wrong; there were two defendants, and the self-representation demand came from the natural person. Much later, the court rationalized its decision in findings adopted in a corrected judgment stating that the defendant's "participation in the role of counsel could be disruptive to the proceedings[.]" *Id*. at 126-27. Given the context of that case—that is, that the defendant was an unlicensed attorney, had actively participated in the trial by addressing the court directly on a number of occasions, would be assisted by counsel's continued representation of the corporate defendant, and sought self-representation near the end of the trial—we concluded that the court's concerns about a potential disruption of the proceedings were "not substantiated in the appellate record." *Id*. at 142.

Here, in contrast to *Koller*, the court's concerns that defendant's self-representation would be unreasonably disruptive of the orderly conduct of the trial were supported by the record. The court denied defendant's request, in part, because "[c]ounsel has represented you in this matter. The

case has proceeded before the jury. \* \* \* We are not going to stop the trial. It has proceeded. We've selected a jury and he's going to continue to be your attorney. That's the Court's Order." We understand the court's order to have included the implicit conclusion that defendant's request would likely be disruptive because it would delay the progress of the trial. ("We are not going to stop the trial.")

That concern was substantiated in the record. Defendant's oral request for self-representation was made during argument on June 8 regarding the June 7 request for a continuance of the trial and for allowance of withdrawal of counsel. Bons noted to the court that the self-representation request was part of the request for a continuance and that it was pertinent "to [the withdrawal and trial continuance] request[.]" Defendant had made a related request for change of counsel with a continuance motion on the first day of trial. It was reasonable for the court to conclude that defendant's oral self-representation request was coupled with and contingent upon an allowance of defendant's pending demand for a continuance of the trial. That delay, once trial had commenced, would have been disruptive of the orderly process of trial, particularly given that the prosecution's case had not ended and that the trial was only of short duration. Moreover, the request reiterated a trial continuance demand that had been repeatedly denied over the past few days. In the circumstances of this case, the record supports the court's implicit conclusion that the requested shift in representation would have been disruptive of the orderly conduct of the trial.

Affirmed.