Argued and submitted March 16, 2016; convictions on Counts 1, 3, 5, 6, and 7 reversed and remanded, otherwise affirmed July 6, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL ORTEGA,
*Defendant-Appellant.*

Washington County Circuit Court
C140476CR; A157763

399 P3d 470

David Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. With him on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Keith L. Kutler, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Keith L. Kutler, Assistant Attorney General.

Before DeVore, Presiding Judge, and Garrett, Judge, and Haselton, Senior Judge.*

---

* DeVore, P. J., *vice* Duncan, J. pro tempore; Garrett, J., *vice* Flynn, J. pro tempore.

### HASELTON, S. J.

Defendant, who was convicted of multiple offenses arising from an altercation,[1] appeals, contending that the trial court erroneously failed to allow his pretrial request to represent himself, rather than proceeding with previously appointed counsel. We agree and, consequently, reverse and remand as to all counts on which defendant was convicted. *State v. Hightower*, 361 Or 412, 393 P3d 224 (2017); *State v. Miller*, 254 Or App 514, 522-23, 295 P3d 158 (2013).

Defendant asserts that the trial court, in the circumstances briefly summarized below, violated his rights to self-representation under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution.[2] The state's sole response to that challenge is that it is unpreserved, in that (in the state's view) the trial court never ruled on defendant's request. Based on our review of the totality of the record, we conclude that the matter was adequately preserved for our review.

Specifically, the record of the operative pretrial hearing discloses that, notwithstanding defendant's initial, unambiguous request ("I don't want the services of the lawyer. I want to represent myself.") and his ultimate, and equally explicit, reiterated request ("I am waiving the services of my lawyer."), the trial court failed to engage in the inquiry prescribed for the assessment of such requests.[3] *See,*

---

[1] Defendant was charged by indictment with one count of assault in the second degree, ORS 163.175 (Count 1); three counts of unlawful use of a weapon, ORS 166.220(1)(a) (Counts 2, 3, and 4); one count of coercion, ORS 163.275 (Count 5); one count of strangulation, ORS 163.187 (Count 6); and two counts of assault in the fourth degree, ORS 163.160 (Counts 7 and 8). Following a bench trial, the court found defendant guilty on Counts 1, 3, 5, 6, and 7, and acquitted defendant on Counts 2, 4, and 8.

[2] Article I, section 11, provides, in part, that, "[i]n all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel[.]" The Sixth Amendment provides, in part, that, "[i]n all criminal prosecutions, the accused shall *** have the Assistance of Counsel for his defence." *See Hightower*, 361 Or at 416 ("The right to self-representation is the counterpart to the right to be represented by counsel at trial."); *State v. Blanchard*, 236 Or App 472, 475, 236 P3d 845 (2010) (reiterating that, under both the state and federal constitutions, "[a] defendant's right to counsel includes a right to self-representation").

[3] Nor—contrary to the state's suggestion at oral argument—does the record demonstrate that defendant subsequently withdrew or "abandoned" his request, including at the beginning of trial.

*e.g., Miller,* 254 Or App at 523 ("'When a defendant asks to represent himself, the court must determine, on the record, whether his decision is an intelligent and understanding one.' Further the court must 'determine whether granting the defendant's request would disrupt the judicial process.'" (Quoting *State v. Davis,* 110 Or App 358, 360, 822 P2d 736 (1991).)). Instead, by way of that disregard in the face of defendant's explicit repeated requests, coupled with its consistently expressed assumption that defendant would be represented by counsel at trial, the trial court necessarily and effectively precluded defendant from waiving counsel and representing himself.[4]

In sum, the trial court never assessed whether defendant's putative waiver of appointed counsel was intelligent and understanding. Nor does the record disclose, much less substantiate, any discretionary determination by the trial court that allowing defendant to represent himself "would be disruptive of the orderly conduct of the trial in a way that would be unreasonable under the circumstances," including "delay[ing] the progress of the trial." *State v. Fredinburg,* 257 Or App 473, 482, 484, 308 P3d 208, *rev den,* 354 Or 490 (2013); *accord Hightower,* 361 Or at 422 (denial of mid-trial request for self-representation was erroneous where, *inter alia,* the trial court's "statements [did] not reflect an exercise of discretion or any finding that granting the motion would significantly delay or disrupt the trial"). Accordingly, the trial court erred, and that error requires reversal and remand as to the counts on which defendant was convicted. *See, e.g., Miller,* 254 Or App at 524; *State v. Blanchard,* 236 Or App 472, 477, 236 P3d 845 (2010).

Convictions on Counts 1, 3, 5, 6, and 7 reversed and remanded; otherwise affirmed.

---

[4] It appears that the trial court may have initially misconstrued defendant's request as being, at least in part, one for the appointment of substitute counsel. However, even after defense counsel intervened to clarify that defendant was not seeking substitute counsel ("I think the [request] that you (defendant) are making is not that you want another lawyer, [but] that you want to represent yourself; is that correct?")—to which defendant responded affirmatively—the court did not engage in the requisite inquiry.