PER CURIAM
*817 Defendant appeals a judgment of conviction for two counts of third-degree sexual abuse, ORS 163.415, two counts of harassment, ORS 166.065, and one count of interfering with public transportation, ORS 166.116, contending that the trial court erred in denying his request to represent himself.[1] Specifically, according to defendant, the trial court erred in denying his request for self-representation without first conducting a colloquy to determine whether defendant's decision was an intelligent and understanding one. The state, for its part, concedes that the trial court developed an insufficient record to support its denial of defendant's request to represent himself at trial. As the state observes,
"when defendant informed the court that he wanted to represent himself, the court's inquiries related only to the reasons for defendant's decision, and whether defendant had reason to be unsatisfied with his appointed attorney. The court did not explore, on the record, whether defendant understood his right to counsel, or whether his request constituted an intentional relinquishment or abandonment of that right. The court ultimately concluded that defendant's reasons for requesting self-representation were 'not good enough reasons under the law[.]' "
Under the circumstances, the state agrees that the court failed to determine whether defendant's decision to represent himself was intelligent and understanding, and that the court erred in denying defendant's request based on its determination that defendant had provided insufficient reasons for wanting to represent himself. We agree, and accept the state's concession. See State v. Miller , 254 Or.App. 514, 523, 295 P.3d 158 (2013) (" 'When a defendant asks to represent himself, the court must determine, on the record, *274 whether his decision is an intelligent and understanding one.' Further the court must 'determine whether granting the defendant's request would disrupt the judicial process.' " (Quoting *818 State v. Davis , 110 Or.App. 358, 360, 822 P.2d 736 1991).)). That error requires that we reverse and remand. See, e.g. , State v. Ortega , 286 Or.App. 673, 675, 399 P.3d 470 (2017) ; Miller , 254 Or. App. at 524, 295 P.3d 158.
Reversed and remanded.

Defendant also raises two assignments of error in which he asserts that the trial court plainly erred in failing to merge the two guilty verdicts for sexual abuse into a single conviction and in failing to merge the two guilty verdicts for harassment into a single conviction. In light of our disposition of the case, we do not address those assignments of error.