Argued and submitted December 20, 2019, reversed and remanded
June 24, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN GEORGE MUSIC,
*Defendant-Appellant.*

Lane County Circuit Court
17CR46368, 17CR66767, 17CR69236;
A166473 (Control), A166475, A166482

467 P3d 812

In this consolidated criminal appeal, defendant appeals from judgments of conviction in three separate cases consolidated for appeal, assigning error to the trial court's denial of his request for self-representation. Specifically, defendant argues that the trial court erred in failing to engage in a colloquy and provide a ruling on defendant's request as required by *State v. Miller*, 254 Or App 514, 522-24, 295 P3d 158 (2013). The state argues that no *Miller* colloquy was required, because, under *State v. Brooks*, 301 Or App 419, 421, 456 P3d 665 (2019), the trial court was within its discretion to delay ruling on defendant's self-representation request. *Held*: Previous uncertainty about invoking one's right to self-representation does not preclude one from invoking that right unequivocally at a later time. Here, the trial court was faced with an unambiguous invocation of defendant's right to self-representation. In response, the trial court made no *Miller* inquiry at the time, then allowed a settlement conference to occur without addressing the pending request for self-representation.

Reversed and remanded.

Mustafa T. Kasubhai, Judge.

Sarah Laidlaw, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. John Music filed the supplemental brief *pro se*.

Lauren P. Robertson, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Reversed and remanded.

## JAMES, J.

Defendant appeals from judgments of conviction in three separate cases consolidated for appeal: Case Nos. 17CR46368, 17CR66767, and 17CR69236. In each of the three consolidated cases, defendant assigns error to the trial court's denial of his request for self-representation. Specifically, defendant argues that the trial court erred in failing to engage in a colloquy and provide a ruling on defendant's request as required by *State v. Miller*, 254 Or App 514, 522-24, 295 P3d 158 (2013). The state argues that no *Miller* colloquy was required, because, under our recent decision in *State v. Brooks*, 301 Or App 419, 421, 456 P3d 665 (2019), the trial court was within its discretion to delay ruling on defendant's self-representation request. We agree with defendant and reverse.

The relevant facts are procedural and somewhat convoluted. On June 5, 2017, the trial court arraigned defendant in Case No. 17CR36325. On July 14, 2017, the trial court arraigned defendant in Case No. 17CR46368. The trial court found defendant indigent and appointed him counsel in both cases. On August 9, 2017, his counsel withdrew due to a conflict, and the trial court assigned him new counsel for both cases. A week later, defendant's second appointed counsel successfully moved to set over his trial. Ten days after that, defendant's second appointed counsel withdrew based on a conflict of interest, and the trial court appointed a third attorney for both cases. Three days later, that attorney successfully moved to set over defendant's trial.

On September 13, 2017, defendant's third appointed counsel withdrew at defendant's request, and the trial court appointed a fourth attorney for both cases. Two weeks later, the trial court set new trial dates, and defendant independently objected, citing speedy trial concerns. Two weeks later, defendant's fourth appointed counsel withdrew based on the breakdown of the attorney-client relationship. The trial court appointed a fifth attorney for both cases.

The next day, the trial court dismissed Case No. 17CR36325. A week later, on October 9, 2017, the state indicted defendant in Case No. 17CR46368, splitting the

charges listed in the original information on that case into two cases—Case No. 17CR46368 and Case No. 17CR66767. Defendant asked to represent himself in both cases, citing speedy trial concerns and his perception of the inadequacies of past, and current, appointed counsel. The court asked some questions about defendant's college education and competency, then defendant retracted his request, consenting to representation by his fifth appointed attorney, stating he "understood."

On October 18, 2017, the state indicted defendant in Case No. 17CR69236, which mirrored/charged anew the dismissed charges from Case No. 17CR36325. Defendant renewed his request to represent himself, now in all three cases, again citing speedy trial concerns and inadequate representation of his wishes regarding his preliminary hearing:

"THE COURT: Do—in this new indictment do you want to be represented by an attorney?

"DEFENDANT: No, no, no.

"THE COURT: [Defendant's fifth appointed counsel] represents you in the other two cases. I'm prepared to appoint him so that you can deal with all three cases together. Do you want to do that?

"DEFENDANT: No, I never consented to that to begin with. I never waived my preliminary hearing and I never waived indictment.

"I've been held on this for 100 days. I know the numbers changed but—yeah."

The court interpreted defendant's discussion about waiving his preliminary hearing as a refusal to answer the court's questions about representation. Subsequently, the court entered pleas of not guilty to all the counts and appointed defendant's fifth appointed counsel to represent defendant in the third case, without addressing defendant's request to represent himself, and without asking defendant or his counsel for defendant's plea:

"THE COURT: At this point in time what I'm going to do—

"DEFENDANT:   Mmm-huh.

"THE COURT:   —because [defendant] doesn't really seem to be answering my question; talking about something else.

"I'm going to enter not guilty pleas on your behalf on the new case.

"And at this point in time I am going to appoint [defendant's fifth appointed counsel] because the cases should be dealt with together."

Responding the court's decision to appoint counsel, defendant continued to request to represent himself:

"DEFENDANT:   I don't need an attorney. I need—I've done 100 days, five attorneys have gotten me right here.

"*****

"DEFENDANT:   I'll represent myself. Thank you."

The trial court again diverted the discussion without addressing defendant's requests, stating "At this point in time we'll just note that [defendant] doesn't want to sign for his date. And we're just going to give him a copy."

On the morning of October 27, 2017, defendant's fifth attorney informed the trial court of the breakdown in the attorney-client relationship and his intent to withdraw. The court responded that it would address the motion after defendant attended a settlement conference with a different judge that afternoon. Defendant's counsel then offered to represent defendant at the settlement conference. Defendant's withdrawing attorney then represented to the court that he had "been served Aggravating Circumstances for Arraignment purposes," and the attorney "waive[d] reading further Advice of Rights" on the aggravating factors.

Defendant appeared for the settlement conference, apparently still represented by counsel. The settlement conference resulted in a stipulated facts trial, conviction, and sentence in each case, and these appeals followed.

On appeal, defendant raises the same argument as to each of his three cases, namely, that the trial court unlawfully impeded his right to self-representation guaranteed

under Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution.[1] The state responds that the trial court never denied defendant's request; rather, it deferred any decision, and that deferral was necessary, in part, because defendant was disruptive during the proceedings.

Whether a trial court has denied a defendant's right to counsel, or the concomitant right to self-representation, is a question of law that we review for errors of law. *See Miller*, 254 Or App at 522-24 (applying standard); *see also Faretta v. California*, 422 US 806, 835-36, 95 S Ct 2525, 45 L Ed 2d 562 (1975) (same under the Sixth and Fourteenth Amendments).

A criminal defendant's right to counsel includes the right to self-representation under both the state and federal constitutions. *Miller*, 254 Or App at 523. A defendant has the constitutional right either to be represented by counsel or, if he so elects, to represent himself. *State v. Hightower*, 361 Or 412, 416-17, 393 P3d 224 (2017); *State v. Verna*, 9 Or App 620, 624, 498 P2d 793 (1972). Absent special circumstances, a court cannot force counsel upon a defendant who seeks to represent him or herself. *Verna*, 9 Or App at 625.

We have repeatedly held that, "[w]hen a defendant asks to represent himself, the court must determine, on the record, whether his decision is an intelligent and understanding one." *Miller*, 254 Or App at 523 (citing *State v. Davis*, 110 Or App 358, 360, 822 P2d 736 (1991)). Further, the court must "determine whether granting the defendant's request would disrupt the judicial process." *Davis*, 110 Or App at 360.

We have found reversible error when a trial court failed to engage in the inquiry called for in *Miller*. In *State v. Ortega*, we held:

"Specifically, the record of the operative pretrial hearing discloses that, notwithstanding defendant's initial,

---

[1] In defendant's *pro se* supplemental brief, defendant raises similar issues concerning self-representation and also argues that he was denied his right to a speedy trial under ORS 136.290 (60 days for in-custody defendant) because he never agreed to the various set-overs that occurred. We reject that assignment without discussion.

unambiguous request ('I don't want the services of the lawyer. I want to represent myself.') and his ultimate, and equally explicit, reiterated request ('I am waiving the services of my lawyer.'), the trial court failed to engage in the inquiry prescribed for the assessment of such requests."

286 Or App 673, 674, 399 P3d 470 (2017).

Here, defendant's invocation of his right to self-representation was unambiguous:

"THE COURT: [Defendant's fifth appointed counsel] represents you in the other two cases. I'm prepared to appoint him so that you can deal with all three cases together. Do you want to do that?

"DEFENDANT: *No, I never consented to that to begin with.*"

(Emphasis added.)

Then, again a few moments later, after the court appointed counsel, defendant adamantly rejected the appointment, telling the court "I don't need an attorney. I need—I've done 100 days, five attorneys have gotten me right here. *** I'll represent myself. Thank you." Such an invocation triggers the obligation to inquire under *Miller*.

The state does not argue that the trial court engaged in a *Miller* inquiry with defendant. Rather, the state offers two other arguments. First, the state argues that defendant was refusing to answer the court's questions, thus preventing a *Miller* inquiry. We do not read the record as the state suggests. The record certainly evidences defendant's frustration with the trial court. But that frustration appears primarily based on the trial court's insistence on appointing counsel. Defendant's frustration at the court refusing to acknowledge his request for self-representation cannot be a justification for the court's failure to acknowledge the request in the first instance.

Alternatively, relying on our decision in *Brooks*, the state argues that the court was within its discretion to delay the *Miller* inquiry. The state misreads *Brooks*. In *Brooks*, we held that a trial court was within its discretion to delay the *Miller* inquiry when the defendant made an equivocal request for self-representation at his first appearance.

*Brooks*, 301 Or App at 429. Two facts were critical to our decision. First, the invocation in *Brooks* was equivocal. *Id*. That is not the case here. There can be no doubt that defendant wished to proceed representing himself. Second, we noted in *Brooks* that "there was no trial imminent, nor even any significant preliminary dispositive hearing upcoming." *Id*. Here, by contrast, two of the three consolidated cases were well past the point of initial appearance, and defendant had an upcoming settlement conference. Finally, in *Brooks*, the trial court scheduled a hearing a few days distant where defendant was expressly afforded the opportunity to renew his request for self-representation if he still desired to do so. Here, by contrast, no such hearing was set, and in fact, at the next hearing, on October 27, no *Miller* inquiry occurred.

We acknowledge that in the history of defendant's three cases, defendant had made, then withdrawn, several requests for self-representation. However, previous uncertainty about invoking one's right to self-representation does not preclude one from invoking that right unequivocally. Here, the trial court was faced with an unambiguous invocation of defendant's right to self-representation. In response, the trial court made no *Miller* inquiry at the time, then allowed a settlement conference to occur without ever addressing the pending request for self-representation. That was error.

Reversed and remanded.