Submitted January 26, reversed and remanded March 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TARIQ MUHAMMAD,
*Defendant-Appellant.*

Washington County Circuit Court
D153656M; A170003

482 P3d 221

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

This is defendant's second appeal in this criminal case. In defendant's previous appeal, we reversed and remanded for a new trial due to the trial court's erroneous denial of defendant's right to proceed *pro se*. *State v. Muhammad*, 289 Or App 816, 817-18, 412 P3d 273 (2018). On remand, the court found that defendant would disrupt the trial process if permitted to represent himself. Next, the court found that a new trial was unnecessary because defendant had already been tried and convicted while represented by counsel. Then, the court reentered the judgment of conviction. Defendant appeals that judgment.

In this appeal, defendant makes six assignments of error. The first four involve the trial court's denial of defendant's request to proceed *pro se* and the court's subsequent reentry of a judgment of conviction. The state correctly concedes that, under the circumstances of this case, the court erred by reentering the judgment of conviction rather than granting defendant a new trial. *See State v. Martineau*, 300 Or App 784, 787, 455 P3d 1020 (2019) (concluding that a trial court's error in denying a defendant's request for self-representation requires reversal and remand for a new trial, rather than for a limited remand permitting a new assessment of the reasons for the denial). We reverse and remand for that reason, a disposition that obviates the need to address most of defendant's other assignments of error.

As the parties have framed this appeal, the only remaining dispute between the parties is what the trial court may do on remand if defendant, again, requests to proceed *pro se*. The state argues that the court can rely on its previous finding that defendant's self-representation would be disruptive and, therefore, the court may require defendant to have counsel based on that finding.

Defendant replies that we have previously held that that determination by the trial court must be made anew on remand *if* defendant again requests to proceed *pro se*. *See id*. We agree with defendant. This means that, if defendant seeks to proceed without counsel at his new trial on remand, the court must evaluate that request at the time it is made.

Reversed and remanded.