764 February 14, 2024 No. 102

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON THOMAS POPE,
*Defendant-Appellant.*

Washington County Circuit Court
21CR49891, 21CR55974; A179376 (Control), A179377

Eric Butterfield, Judge.

Submitted January 5, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant was charged with two counts of second-degree theft in Case No. 21CR49891 and one count of second-degree theft in Case No. 21CR55974, and the cases were tried together. Defendant was found guilty on all counts and sentenced to consecutive jail terms. The court also imposed restitution in the amount of $399.98 in Case No. 21CR49891. Defendant appeals the judgments in those cases, arguing that the trial court erred by (1) denying his request to represent himself and (2) imposing the restitution award.

The state concedes that the trial court erred in denying defendant's request to represent himself and that the judgments in both cases must be reversed for that reason. We agree and accept the state's concession. Defendant unequivocally asked to represent himself at trial. As we explained in *State v. Music*, 305 Or App 13, 18, 467 P3d 812 (2020), "[a]bsent special circumstances, a court cannot force counsel upon a defendant who seeks to represent him or herself." The record does not support an inference that such special circumstances were present. The trial court stated that it would not allow defendant to represent himself because defendant was "clearly incapable, and I don't trust what he's saying," but there was no evidence in the record that defendant suffered from mental illness, let alone that he was incapable of representing himself because of a severe mental illness; nor does the record reflect that defendant engaged in the type of misconduct that would interfere with the judicial process. Accordingly, we reverse and remand the judgments in Case No. 21CR49891 and Case No. 21CR55974. Because we are reversing the judgment in Case No. 21CR49891, we need not address defendant's argument regarding the restitution award in that case.

Reversed and remanded.