94 June 5, 2024 No. 379

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEREMIAH JOEL FIELDS,
*Defendant-Appellant.*

Coos County Circuit Court
21CR30975; A179235

Martin E. Stone, Judge.

Submitted April 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for three counts of attempted second-degree murder, one count of attempted first-degree arson, three counts of recklessly endangering another person, and one count of unlawful possession of a destructive device. Before trial on those charges, during a hearing at which defendant was represented by his appointed attorney's colleague, Criswell, defendant complained about his attorney, Thompson, and about the lack of progress in his case. In the course of those complaints, he made a remark about representing himself: "I, I honestly feel I should just go ahead and represent myself." In his sole assignment of error, defendant argues that that remark constituted an unambiguous request to represent himself, and that the trial court violated his state and federal constitutional rights by not engaging in a colloquy concerning his request. We disagree. Defendant's remark, in context, was an expression of defendant's frustration about the lack of contact from his attorney, and the lack of progress in his case. The complaints about his attorney were about wanting the assistance of counsel, not waiving the right to have it. Because defendant did not request to proceed without counsel, the state and federal constitutions did not require the trial court to engage in a colloquy with defendant about waiving his constitutional right to counsel. We affirm.

The Oregon Constitution protects both the right to counsel and to self-representation.[1] The "right to be heard by himself and counsel" is among the rights enumerated in Article I, section 11. The right to be heard by oneself "has long [been] held" to include the right to self-representation at trial. *State v. Hightower*, 361 Or 412, 416, 393 P3d 224 (2017). The right to self-representation and the right to counsel are mutually exclusive counterparts. *Id.* at 416-17. If a defendant asserts the right to counsel, they are necessarily also waiving the right to self-representation, and likewise,

---

[1] Defendant's assignment of error encompasses both state and federal constitutional rights. We address the state constitutional claim and apply the analysis in those terms. *See State v. Kennedy*, 295 Or 260, 262, 666 P2d 1316 (1983) ("all questions of state law [are to] be considered and disposed of before reaching a claim that this state's law falls short of a standard imposed by the federal constitution on all states"). In any event, the analyses are not meaningfully different.

asserting the right to self-representation requires waiver of the right to counsel—there is no right to a hybrid representation. *Id.* Exercising one of these rights, however, does not mean that its counterpart is forever foreclosed. *Id.* at 417-18.

Because asserting the right to self-representation necessarily means waiving the right to counsel, trial courts are required to engage in an inquiry to determine whether the defendant is making an informed decision, and to consider whether granting the request would disrupt the judicial process. *State v. Music*, 305 Or App 13, 18, 467 P3d 812 (2020). That requirement is triggered by a clear, unambiguous, request to waive counsel and to represent oneself. *See, e.g.*, *State v. Ortega*, 286 Or App 673, 674, 399 P3d 470 (2017) (reversing denial of the defendant's two explicit requests to proceed without counsel). On the other hand, "[a] request for self-representation and waiver of legal representation may be denied under Article I, section 11, \*\*\* if the request is unclear or equivocal." *State v. Glasby*, 301 Or App 479, 484, 456 P3d 305 (2019) (quoting *State v. Fredinburg*, 257 Or App 473, 481, 308 P3d 208, *rev den*, 354 Or 490 (2013)).

Here, as of the hearing, defendant had not waived the right to counsel, and defendant's remark that he now argues was a request to proceed *pro se* was not a clear and unequivocal request to represent himself. To the contrary, in context, it was part of a set of complaints in which he expressed exactly the opposite view—that he wanted to have the assistance of counsel, and he was asking for the court's assistance. At the time of the hearing, defendant was represented by an attorney, Thompson, who, defendant said, had come to see him at the jail only once. Thompson was not present at the hearing, but his colleague Criswell appeared in his stead to represent defendant. The absence of his attorney, however, was one of several concerns that defendant brought up to the trial court.

Defendant was frustrated by an at least four-week delay caused when defense counsel raised an "aid and assist" question with the court. The court had ordered an evaluation of defendant, but that had not happened because the state hospital did not have the capacity to handle the evaluation. Defense counsel was attempting to arrange for defendant to

be examined at the jail. Defendant did not want a mental evaluation. And he was concerned about not having received discovery. In context, and after reviewing the entire transcript, we conclude that the reference to self-representation was not an unequivocal request to waive counsel and represent himself.

From our review of the trial transcript, it is clear that defendant expressed frustration that his counsel had not been in contact with him. The trial court took steps to assist defendant with getting in touch with his attorney. The court was not required to engage in a colloquy with defendant about waiving counsel and proceeding without counsel.

Affirmed.