Argued and submitted September 24, 2020, reversed and remanded
February 24, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN CODY ASHBAUGH,
*Defendant-Appellant.*

Marion County Circuit Court
18CR08083; A168108

505 P3d 1015

In this criminal case, defendant appeals from a judgment of conviction for harassment, ORS 166.065, challenging the trial court's failure to conduct a colloquy to determine whether he could waive his right to counsel and the court's denial of his motion for self-representation. *Held*: The Court of Appeals concluded that it could not determine the basis on which the trial court denied defendant's request to represent himself. To the extent that the trial court denied defendant's request to represent himself based on its conclusion that defendant could not knowingly and voluntarily waive that right, the trial court erred because the record developed did not support that conclusion. To the extent that the court was exercising its discretion to deny defendant's request, the court exceeded the range of permissible discretion when it denied defendant's motion to represent himself.

Reversed and remanded.

Claudia M. Burton, Judge.

Erin J. Snyder Severe, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services, filed the brief for appellant.

Lauren P. Robertson, Assistant Attorney General, argued the cause for respondent. Also on the brief was Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

In this criminal case, defendant appeals from a judgment of conviction for harassment, ORS 166.065, raising eight assignments of error. We reject defendant's first six assignments of error without discussion and write to address only the last two assignments of error. In his seventh and eighth assignments of error, defendant challenges the trial court's failure to conduct a colloquy to determine whether defendant could waive his right to counsel and the court's denial of defendant's motion for self-representation. We conclude that, to the extent that the trial court denied defendant's request to represent himself based on its conclusion that defendant could not knowingly and voluntarily waive that right, the trial court erred because the record developed does not support that conclusion. To the extent that the court was exercising its discretion to deny defendant's request, the court exceeded the range of permissible discretion when it denied defendant's motion to represent himself. Accordingly, we reverse and remand.

The facts relevant to the issues on appeal are procedural in nature and undisputed. Defendant was charged with menacing constituting domestic violence and harassment. At defendant's bail hearing, the trial court expressed concerns about whether defendant had some mental health issues "based on [defendant's] appearance the last time that he was in court" and because defendant struggled with anxiety. The trial court informed defendant's counsel that it believed that defendant "would not be receptive to the idea of an aid and assist evaluation" but asked defendant's counsel for his opinion:

> "But I guess sort of two-prong question; one is have you spoken with the jail staff about having a nurse visit with [defendant] with regard to his anxiety symptoms to make sure that if he needs some medication for that, that he has access to that? And second, are you comfortable based on your own observations and interactions with him that he's adequately able to aid and assist?"

Defense counsel responded that he was not aware of what occurred before his appointment as counsel, that he had not

spoken to the jail staff, and then he elaborated on his perception of defendant since his appointment:

> "I have spent quite a bit of time with [defendant]. And when he does get anxious it's apparent in his demeanor. But no, I think that [defendant is] actually quite intelligent and is able to assist—aid and assist me in preparation more than the average crime."

The trial court accepted defense counsel's assessment and continued with the bail hearing.

Approximately seven weeks later, the trial court held a hearing to address several issues defendant had raised in a letter to the court. The court began by informing defendant that it was not going to revisit defendant's previously denied motions concerning his bail, release, and speedy trial rights. The court then told defendant that trial was set to begin in three days and asked him several times whether he wanted to represent himself or continue to have his counsel represent him. Defendant did not directly respond to the court's questions and instead continued to raise his concerns. When it became clear that defendant was not going to answer the court's questions, the court ended the hearing.

Three days later on the morning of trial, defendant made a motion to represent himself. The trial court immediately denied defendant's motion and explained its reasoning:

> "[DEFENDANT]:   Your Honor, I'd like [to] represent myself.
>
> "THE COURT:   That will be denied and I'll tell you why. In order for me to—first of all, you do have a right to represent yourself. But secondly, in order for me to allow you to represent yourself I am required to make a finding that you're waiving counsel knowingly and voluntarily. I've had a couple of opportunities to observe you in the courtroom.
>
> "And it's clear to me that you are not competent to represent yourself. When we were in court on Monday we were in court because you had written to me with concerns about your lawyer. I repeatedly asked you to explain what those concerns were. And you repeatedly returned to your request to be released, which I repeatedly denied.

"It was clear to me from that appearance that you were unable to focus on the issue that was at hand and you were unable to use the opportunity that you had to address your concerns. And therefore, if I were to permit you to represent yourself in this trial if you were convicted you would immediately file for post-conviction on the basis that I shouldn't have let you represent yourself because you weren't competent to do so. And you would be correct.

"[DEFENDANT]: Your Honor, first of all we were addressing disqualification of judge issues, which takes precedence over any other issues. * * *

"* * * * *

"[DEFENDANT]:   * * * I'd like to represent myself.

"* * * * *

"THE COURT:   * * * And I've already told you that I'm not going to permit you to represent yourself in this trial because it's obvious to me that you are not competent to do that. And should I let you do that and should you be convicted, your conviction won't be reversed on appeal[.]"

After the trial court denied defendant's motion, defendant proceeded with the trial, and a jury found him guilty of harassment and not guilty of menacing constituting domestic violence. Defendant subsequently filed this timely appeal.

On appeal, defendant asserts that the trial court erred under Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution, in denying his request to represent himself without engaging in any colloquy, and in ruling that defendant was not competent to represent himself.[1] Defendant argues that the record is insufficient to support a conclusion that defendant could not knowingly and intentionally waive his right to counsel. That is so, according to defendant, because the court failed to conduct an appropriate colloquy with defendant. Defendant also asserts that the trial court's findings that he was "unable to focus on the issue that was at hand" and was "unable to use the opportunity that [he] had to address [his]

---

[1] Article I, section 11, provides, in part: "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel[.]" The Sixth Amendment, provides, in part: "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence."

concerns" appear to be "based on the trial court's conclusion that defendant lacked the legal skill necessary to represent himself." (Emphasis omitted.) That basis, defendant asserts, constitutes error. Defendant further contends that, to the extent that the trial court's ruling was predicated on a concern that defendant's mental health issues prevented him from competently conducting trial proceedings without the assistance of counsel, the trial court's finding was not supported by evidence in the record. Defendant argues that, although there was evidence that defendant had severe anxiety, his anxiety was not "the sort of 'severe mental illness' that would predicate a court's exercise of discretion" under our case law. *See State v. Hayne*, 293 Or App 351, 427 P3d 201 (2018), *rev den*, 364 Or 294 (2019) (discussing when, under Article I, section 11, a court may deny a request to proceed without counsel when a person's mental illness renders the person incapable of conducting the functions of the defense without the assistance of counsel).

In response, the state contends, among other arguments, that any deficiency in the colloquy was harmless because the trial court properly exercised its discretion in denying defendant's request. The state contends that, even assuming that defendant could knowingly and intentionally waive his right to counsel, under *Hayne*, the trial court was "obligated" to determine whether it should nevertheless prohibit the waiver on account that defendant could not competently represent himself without the assistance of counsel. According to the state, "the record supports the court's finding that defendant was not competent to represent himself (*i.e.*, that due to defendant's mental health status, defendant lacked the ability to carry out the basic tasks needed to present one's own defense without the help of counsel)." (Internal quotation marks and brackets omitted.) In particular, the state points out that the trial court raised concerns about defendant's mental health status in a preliminary hearing and voiced concerns about defendant's presentation in court. In the alternative, the state argues that the trial court did not abuse its discretion because the record supports an "implicit finding that permitting defendant to represent himself would disrupt the trial process."

We review the denial of the right to self-representation, as well as any underlying legal conclusions related to the scope of the right of self-representation, for legal error. *State v. Hightower*, 361 Or 412, 421, 393 P3d 224 (2017) (*Hightower I*). In so doing, however, we review the denial of the right to self-representation based on considerations such as disruption or delay for an abuse of discretion. *State v. Williams*, 288 Or App 712, 714, 407 P3d 898 (2017) (citing *Hightower I*, 361 Or at 418). To determine whether the trial court exceeded the range of permissible discretion in ruling on the request, "the record must include some indication of how the trial court actually weighed the relevant competing interests involved." *Hightower I*, 361 Or at 421.

Both Article I, section 11, and the Sixth Amendment afford a criminal defendant the right of self-representation. *Hayne*, 293 Or App at 354. That right, however, is "not absolute and unqualified." *Hightower I*, 361 Or at 417. A waiver of the right to counsel "must be knowing and voluntary." *Id.* In determining whether a defendant's waiver of counsel is knowing and voluntary, a colloquy on the record is the "preferred means of assuring that the defendant understand[s] the risks of self-representation." *State v. Meyrick,* 313 Or 125, 133, 831 P2d 666 (1992).

We have observed that a trial court has the discretion to deny a defendant's request to exercise the right of self-representation under certain circumstances. Generally stated, "[a] court may, consonant with Article I, section 11, decline to permit a criminal defendant to proceed without counsel if the defendant's exercise of the right of self-representation conflicts with the trial court's 'overriding obligation to ensure the fairness and integrity of the trial and its inherent authority to conduct proceedings in an orderly and expeditious manner.'" *Hayne*, 293 Or App at 354 (quoting *Hightower I*, 361 Or at 417-18). For example, a trial court has discretion to deny a motion for self-representation "if it has reason to conclude that granting the motion would result in disruption of proceedings," *Hightower I*, 361 Or at 418, or if it deems that a defendant's request would "be disruptive because it would delay the progress of the trial." *State v. Fredinburg*, 257 Or App 473, 484, 308 P3d 208, *rev den*, 354 Or 490 (2013).

In *Hayne*, we outlined another circumstance in which a trial court has discretion to deny a defendant's request to proceed without counsel: "when a person's mental illness renders the person incapable of conducting the basic tasks of presenting a defense." 293 Or App at 364 (noting that "permitting a person whose mental illness renders the person incapable of conducting the functions of the defense without the assistance of counsel undermines the fairness of the proceeding in a way that calls into question the reliability of our legal system"). Citing the Supreme Court's decision in *Indiana v. Edwards*, 554 US 164, 178, 128 S Ct 2379, 171 L Ed 2d 345 (2008), we held that, "Article I, section 11, like the Sixth Amendment, allows the denial of a criminal defendant's request to proceed without counsel where the defendant is in the class of defendants identified in *Edwards*: 'those competent enough to stand trial with the assistance of counsel but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.'" *Hayne*, 293 Or App at 364 (brackets and ellipsis omitted). In determining what standard should govern a trial court's assessment of whether a criminal defendant's mental illness renders the defendant incompetent to conduct a trial without the assistance of counsel, we adopted the approach taken by the California Supreme Court:

> "A trial court need not routinely inquire into the mental competence of a defendant seeking self-representation. It needs to do so only if it is considering denying self-representation due to doubts about the defendant's mental competence. When a court doubts a defendant's competence to stand trial, it shall appoint a psychiatrist or licensed psychologist, and any other expert the court may deem appropriate, to examine the defendant. Similarly, when it doubts the defendant's mental competence for self-representation, it may order a psychological or psychiatric examination to inquire into that question. To minimize the risk of improperly denying self-representation to a competent defendant, trial courts should be cautious about making an incomplete finding without the benefit of an expert evaluation, though the judge's own observations of the defendant's in-court behavior will also provide key support for an incompetence finding and should be expressly placed on the record."

*People v. Johnson*, 53 Cal 4th 519, 530-31, 267 P3d 1125 (2012) (emphasis omitted; internal citations and quotation marks omitted). We further explained that, in exercising its discretion to deny a defendant's request for self-representation, a trial court should "balance the significant autonomy interests protected by the state and federal constitutional rights to self-representation, against the fundamental need to ensure that our state's criminal proceedings are reliable and fair ones in which the public can have confidence." *Hayne*, 293 Or App at 366.

In this case, we cannot determine from the record the basis on which the trial court denied defendant's request to represent himself. On the one hand, it appears that the trial court denied defendant's request to represent himself because the court could not determine that he was waiving counsel knowingly and voluntarily. On the other hand, it appears that the trial court was exercising its discretion to deny defendant's request to proceed without counsel based on defendant not being competent to represent himself. We conclude that neither basis is supported by the record.

Although the trial court recognized that it had to determine that defendant's attempted waiver was knowing and voluntary to grant defendant's request, the court did not conduct a colloquy to make that determination. Instead, the trial court concluded that defendant was not competent because, based on the court's observations, defendant had difficulty "focus[ing] on the issue that was at hand" and was "unable to use the opportunity that [he] had to address [his] concerns." Those concerns, however, do not adequately explain why defendant would be unable to make a knowing and voluntary waiver. To be sure, the trial court's concerns may support a determination that defendant did not have the "knowledge and understanding of the right to counsel," *Meyrick*, 313 Or at 132-33 n 8, but, there is no indication in the record that the trial court balanced its concerns against defendant's right to self-representation, including the fact that defendant had previously represented himself in a trial. Moreover, there is insufficient evidence that defendant could not voluntarily waive the right to counsel. Therefore, to the extent that the trial court denied defendant's request for self-representation because it could not conclude that

defendant was making a knowing and voluntary waiver, the record is insufficient to support such a determination.

To the extent that the trial court was exercising its discretionary authority to deny defendant's request to proceed without counsel, it is not clear from the record whether the court denied defendant's request because he was not "legally competent" as defendant argues or because defendant's mental health issues made it so that he could "not competently conduct the trial proceedings without the assistance of counsel" as the state argues. Any concerns that the trial court had before trial about defendant's mental health, particularly his anxiety, were not sufficiently explained when the court denied defendant's request to proceed *pro se*, nor can we conclude that the trial court made an implicit finding regarding defendant's mental health. *See Hightower I*, 361 Or at 422 (noting that "the test is not whether the court 'reasonably could have' made that determination. The test is whether the record reflects that the trial court's actual decision amounted to a reasonable exercise of its discretion."). Here, there is no indication that the court's concerns with defendant's inability to "focus on the issue" at hand or take advantage of the "opportunities" to address his concerns, stemmed from defendant's mental health issues.[2]

Accordingly, because it is not clear that the trial court exercised its discretion to deny defendant's request on the basis of mental illness, or any other permissible basis, we conclude that to the extent the trial court was exercising its discretion to deny defendant's request, the trial court exceeded the range of permissible discretion in denying defendant's request for self-representation.[3] When presented with defendant's request on the morning of trial that he wanted to represent himself, the trial court should have either conducted a colloquy to determine whether defendant

_____

[2] We recognize that the trial court in this case did not have the benefit of our decision in *Hayne* when it made its ruling.

[3] We reject the state's alternative argument that the record supports an implicit finding that the trial court denied defendant's request to represent himself because it would disrupt the trial process. Although the trial court had previously cautioned defendant that it would remove him from the proceedings if he continued to interrupt the court, the trial court made no mention of the potential for disruption when it denied his request on the morning of trial.

was knowingly and voluntarily waving his right to counsel or made clear that it was exercising its discretion to deny the request on a permissible basis such as a disruption of the proceedings, including delaying the progress of trial, or if mental health issues rendered defendant incapable of conducting trial proceedings by himself.

Because the trial court's error was not harmless, we reverse and remand for a new trial. *See State v. Hightower*, 368 Or 378, 393, 491 P3d 769 (2021) (*Hightower II*) (reversing and remanding for a new trial after concluding that "the trial court's failure to recognize its discretion in the first instance was an error that could not be corrected without a new trial"); *Hayne*, 293 Or App at 367-68 (declining to exercise discretion to order a more limited remand for a retroactive assessment of competency to stand trial without the assistance of counsel and to consider whether the trial court would have permitted the defendant to proceed without counsel in view of that assessment).

Reversed and remanded.