Submitted April 6, 2021, reversed and remanded April 6, 2022

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# DOUGLAS WAYNE DUNN,
*Defendant-Appellant.*

## Clackamas County Circuit Court
18CR52115; A170736

508 P3d 586

Defendant appeals from a judgment of conviction for first-degree robbery (ORS 164.415), second-degree robbery (ORS 164.405), fourth-degree assault (ORS 163.160) as a lesser-included offense of second-degree assault (ORS 163.175), unlawful use of a weapon (ORS 166.220), first-degree theft (ORS 164.055), and menacing (ORS 163.190). The Court of Appeals addresses defendant's first and second assignments of error, in which he argues that the trial court erred by failing to conduct a colloquy to determine if he could knowingly and intelligently waive his right to self-representation and then denying his motion to waive counsel and represent himself. *Held*: The trial court erred by not engaging defendant in a colloquy to assess his ability to knowingly and intelligently waive his right to counsel, and then denying defendant's motion to waive counsel and represent himself at trial. A trial court may not summarily deny a defendant's request to represent himself without a colloquy.

Reversed and remanded.

Heather Karabeika, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Douglas Dunn filed the reply brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.

MOONEY, P. J.

Reversed and remanded.

**MOONEY, P. J.**

Defendant appeals from a judgment of conviction after trial to the court for first-degree robbery (ORS 164.415), second-degree robbery (ORS 164.405), fourth-degree assault (ORS 163.160) as a lesser-included offense of second-degree assault (ORS 163.175), unlawful use of a weapon (ORS 166.220), first-degree theft (ORS 164.055), and menacing (ORS 163.190), raising three assignments of error. He first assigns error to the trial court's failure to conduct a colloquy "to determine whether defendant could knowingly and intelligently waive his right to self-representation." Defendant next assigns error to the trial court's denial of his motion to waive counsel and represent himself. Finally, defendant assigns error to the trial court's denial of his motion for judgment of acquittal on the second-degree robbery count; we reject that assignment without discussion. We agree that the trial court erred when it did not engage defendant in a colloquy designed to assess his ability to knowingly and intelligently waive his right counsel and to proceed to trial representing himself. In the absence of that required colloquy, the trial court also erred when it denied defendant's motion to waive counsel and proceed *pro se*. We therefore reverse and remand the judgment of conviction.

Whether the trial court violated defendant's state and federal constitutional right to self-representation is a question of law. *State v. Hightower*, 361 Or 412, 421, 393 P3d 224 (2017). To determine whether the court erred, "the record must include some indication of how the trial court actually weighed the relevant competing interests involved." *Id*.

Defendant was arrested and taken into custody on August 3, 2018, after taking two guitars from a guitar store, running, and eventually being caught and cornered by the store clerk and a few others. Defendant was arraigned and appointed counsel. His original trial date was set for September 28, 2018. The court-appointed attorney advised defendant to waive his right to have a trial within 60 days. Defendant signed the 60-day waiver, and his trial was rescheduled for December 6, 2018. His first court-appointed attorney then withdrew due to a conflict. Defendant was

assigned a new attorney who was ill on December 6, 2018, and unable to proceed to trial at that time. Defendant personally objected to a continuance and stated that he would not be waiving his speedy trial rights after all. But the court found good cause for a 14-day set over to December 20, 2018. As it turned out, defendant's attorney was still ill on that date and again unable to proceed with trial.

At that point, defendant had been in jail awaiting trial for over four months. The court was prepared for trial and informed defendant that he had the option of proceeding that day without an attorney or that another attorney would be appointed, requiring another continuance to allow that attorney time to prepare for trial. The court and defendant then had a discussion regarding defendant's desire not to waive his 60-day speedy trial rights and whether he desired a new attorney moving forward:

"COURT:    * * * But what I need to decide first is whether or not I'm going to continue this case and that depends on whether or not you want a new lawyer.

"DEFENDANT:    So that's—I think I'm having trouble making that decision * * * because under the advice I received from [counsel], she said there's no way * * * you're going to release me from custody if I ask for an attorney.

"* * * * *

"DEFENDANT:    So I'm ready to go to trial. I've been in jail * * * for nearly five months on this. I'm ready to go to trial. I would prefer to have an attorney who is prepared.

"* * * * *

"DEFENDANT:    But if it's a choice between sitting in jail and waiting for that attorney or going to trial today without that, I would choose to go to trial."

Defendant declared that he would "waive that right" (to counsel) but the court interjected stating, "No, that means you get one" (an attorney). Defendant was appointed counsel and, after trial to the court, was convicted of all the charges.

A defendant has a right to counsel under Article I, section 11, of the Oregon Constitution and under the Sixth Amendment to the United States Constitution. Those constitutional provisions also provide a defendant with the

corollary right to self-representation.[1] The right to self-representation is not absolute and it requires the court to determine whether the defendant's decision to waive representation is "an intelligent and understanding one." *State v. Davis*, 110 Or App 358, 360, 822 P2d 736 (1991). Oregon statutory law provides that: "[i]f the defendant wishes to waive counsel, the court shall determine whether the defendant has made a knowing and voluntary waiver of counsel." ORS 135.045(1)(c). A colloquy on the record is the "preferred means of assuring that the defendant understand[s] the risks of self-representation." *State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992). A court has discretion to deny a defendant's right to self-representation under "certain circumstances." *State v. Ashbaugh*, 317 Or App 767, 772, 505 P3d 1015 (2022). In particular, the court may exercise that discretion if defendant's exercise of the right conflicts with the trial court's "obligation to ensure the fairness and integrity of the trial and its inherent authority to conduct proceedings in an orderly and expeditious manner," *Hightower*, 361 Or at 417-18, or if "a person's mental illness renders the person incapable of conducting the basic tasks of presenting a defense," *State v. Hayne*, 293 Or App 351, 364, 427 P3d 201 (2018), *rev den*, 364 Or 294 (2019).

Here, the trial court failed to conduct a colloquy to determine if defendant's waiver of trial counsel and request to represent himself was knowing and intelligent. When defendant asserted that he would waive that right in order to proceed to trial *pro se*, the court summarily rejected his request. A trial court may not summarily deny a defendant's request to represent himself, even if it is the court's opinion that it is in the defendant's best interest to be represented by counsel. *State v. Miller*, 254 Or App 514, 524, 295 P3d 158 (2013). Once defendant made his request, the court should

---

[1] Article I, section 11, provides, in part: "In all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel[.]" The Sixth Amendment, provides, in part, that: "In all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence." *See Hightower*, 361 Or at 416, ("The right to self-representation is the counterpart to the right to be represented by counsel at trial."); *State v. Blanchard*, 236 Or App 472, 475, 236 P3d 845 (2010) (reiterating that, under both the state and federal constitutions, "[a] defendant's right to counsel includes a right to self-representation").

have conducted a colloquy to determine whether defendant was making a knowing and intelligent waiver of his right to counsel to proceed to trial representing himself. The trial court erred by failing to conduct a meaningful colloquy, and then by denying defendant's motion to waive counsel, having not conducted a proper inquiry. That error requires reversal as to all counts.

Reversed and remanded.