No. 645         December 6, 2023         445

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS ALFRED BALDWIN, JR.,
aka Douglas Baldwin, Jr.,
*Defendant-Appellant.*

Curry County Circuit Court
21CR19363; A177041

Jesse C. Margolis, Judge.

Submitted April 26, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant was convicted of resisting arrest, ORS 162.315 (Count 1), and second-degree criminal trespass, ORS 164.245 (Count 2). On appeal, defendant raises two assignments of error. For the reasons explained below, we affirm.

First, defendant argues that the trial court erred when it denied his request to waive his right to counsel. Relying primarily on *State v. Dunn*, 318 Or App 744, 747-48, 508 P3d 586 (2022) and *State v. Glasby*, 301 Or App 479, 485-86, 456 P3d 305 (2019), defendant argues that the trial court failed to conduct an adequate colloquy with defendant to determine whether his waiver of counsel was valid. Defendant's reliance on those cases is misplaced because, in both of them, the trial court summarily denied defendant's request. That did not occur here. Instead, at a number of pre-trial hearings, the trial court considered defendant's request, explained to defendant some of the risks of self-representation, provided defendant with a waiver of counsel form, and, although defendant signed it, defendant subsequently told the trial court that he did not understand it. Based on that record, the trial court did not err when it determined that defendant did not knowingly waive his right to counsel. *See State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992) (When determining whether a waiver is knowing, a trial court "should focus on what *the defendant* knows and understands." (Emphasis in original.)).

Second, regarding his conviction for resisting arrest, defendant argues that the trial court plainly erred when it failed to instruct the jury that the state was required to prove that defendant was at least criminally negligent with respect to the element of creating a substantial risk of physical injury. We agree that there was plain error. *See State v. Tow*, 321 Or App 294, 298, 515 P3d 936 (2022) ("[T]he trial court plainly erred when it did not instruct the jury that it had to find that defendant acted with a culpable mental state with respect to 'the substantial risk of physical injury' element in ORS 162.315(2)(c).").

However, reviewing the evidence presented at trial, we conclude that the error was harmless.[1] The officer who arrested defendant testified that he advised defendant that he was under arrest a number of times, but defendant kept backing away from the officer. When the officer attempted to grasp defendant, defendant forcefully pulled away, causing defendant to fall to the ground and causing the officer to almost lose his balance. When defendant attempted to get back up, the officer kept him on the ground, but defendant continued to pull his arms away from the officer and attempted to bite the officer. It took three officers to place defendant in handcuffs. Considering that evidence, we conclude that, if the jury had been properly instructed, then there is no likelihood that the jury would not have found that defendant was at least criminally negligent with respect to creating a substantial risk of physical injury. *See State v. Stone*, 324 Or App 688, 695, 527 P3d 800 (2023) (describing the required harmlessness analysis). Thus, the error did not affect the outcome and it was harmless.

Affirmed.

---

[1] In *State v. Perkins*, 325 Or App 624, 630-31, 529 P3d 999 (2023), we explained that when a claim of error relates to the omission of a mental state instruction on an element of the offense, it implicates a federal constitutional violation. Thus, when the claimed error is preserved, in order to affirm, we must be able to conclude that the error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967) (A preserved claim of constitutional error identified on direct appeal does not require reversal of a conviction if the prosecution can establish that the error was harmless beyond a reasonable doubt.). Because the error here is not preserved, we default to Oregon's harmless error analysis. *See State v. Horton*, 327 Or App 256, 263-64, 535 P3d 338 (2023) (applying Oregon harmless error standard to unpreserved plain error in failing to give mental state instruction on element of offense).