490 August 21, 2024 No. 586

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CURTIS SHERWOOD ALLEN,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR39464; A176394

Kathleen E. Johnson, Judge.

Argued and submitted January 24, 2023.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed and remanded.

**HELLMAN, J.**

Defendant was convicted of coercion, ORS 163.275, and menacing, ORS 163.190. On appeal, he argues that the trial court violated his rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution by denying a pretrial request to represent himself.[1] For the following reasons, we reverse and remand for a new trial.

In June 2019, defendant was charged with several crimes in connection with an incident on a boat dock. An attorney, Bouck, was appointed to represent him. When defendant failed to appear for a conference on September 30, 2019, the court issued an arrest warrant and cancelled the existing trial date of December 11, 2019.

On December 11, 2019, defendant appeared in court, with a colleague of Bouck's present, and the court denied what it understood to be a request by defendant to recall the warrant. After the court ruled, defendant, who had been speaking directly to the court throughout the proceeding and who claimed to be unaware of the warrant, stated to the court, "From here on out, any notices are to be mailed to me to that address. I will be representing myself in this case." The court responded that defendant was "actually represented by Mr. Bouck" and that "[u]ntil he withdraws, Mr. Bouck still represents you." Defendant protested, "I have the legal right to represent myself." The court responded that defendant did have that legal right, but that he had requested a lawyer and one had been appointed. Defendant insisted that he "didn't ask for a lawyer" and had never completed any financial paperwork. The court reiterated its position, stating that "Mr. Bouck, nonetheless, represents you until he withdraws." Bouck's colleague stated that she worked with Bouck and would "let him know." The court then made a brief observation as to defendant's need for a lawyer, given that he had lost his $15,000 security by failing to appear and was going into custody. The hearing then concluded.

---

[1] Defendant also assigns error to the trial court's exclusion of certain evidence after OEC 403 balancing. We do not address that assignment of error, which involves a discretionary ruling, in light of our remand for a new trial.

On December 18, 2019, defendant appeared in court with another of Bouck's colleagues. Through counsel, defendant requested a new attorney, adding that, "if his request for new counsel is denied, that he would like to waive his right to counsel and proceed without an attorney." Asked why he wanted a new attorney, defendant expressed dissatisfaction and disagreement with Bouck's advice. The court asked whether defendant understood that he might not find an attorney who agreed with him. Defendant said that he did and indicated that he would waive his right to counsel and represent himself in that event. The court stated for the record that it viewed Bouck as a competent attorney, but it granted the request for substitute counsel, describing it as a one-time event and stating that if defendant did not like his next attorney that he would have to represent himself. Defendant agreed, stating, "That's understandable."

Defendant proceeded to a jury trial, during which he was represented by substituted appointed counsel. The jury found defendant guilty of coercion, ORS 163.275, and menacing, ORS 163.190. It acquitted him of unlawful use of a weapon, ORS 166.220, and pointing a firearm at another, ORS 166.190.

On appeal, defendant contends that the trial court violated his rights under Article I, section 11, and the Sixth Amendment by denying his self-representation request on December 11. In response, the state does not dispute that defendant unequivocally requested to represent himself. It argues that the trial court did not err, however, because the court did not so much deny the request as defer it until it was properly brought, and because the court appointed new counsel at defendant's request at the next hearing. The state further urges that any error was harmless, because "defendant was not compelled to appear with undesired counsel at a critical stage of his case."

"We review the denial of the right to self-representation, as well as any underlying legal conclusions related to the scope of the right of self-representation, for legal error." *State v. Ashbaugh*, 317 Or App 767, 772, 505 P3d 1015 (2022); *State v. Dunn*, 318 Or App 744, 745, 508 P3d 586 (2022) ("Whether the trial court violated defendant's

state and federal constitutional right to self-representation is a question of law."); *see also State v. Hightower*, 361 Or 412, 421, 393 P3d 224 (2017) (explaining that, "although the trial court's decision in response to a request for self-representation is ordinarily a matter of discretion," when the decision "turns on the court's legal conclusions as to the scope of the right, that determination is reviewed for errors of law").

We normally consider state constitutional issues before federal constitutional issues. *State v. Lowell*, 275 Or App 365, 382, 364 P3d 34 (2015) ("Ordinarily, the 'first-things-first' doctrine directs us to resolve state constitutional law claims before reaching federal law claims."); *State v. Babson*, 249 Or App 278, 307 n 6, 279 P3d 222 (2012), *aff'd*, 355 Or 383, 326 P3d 559 (2014) (until the Supreme Court repudiates the first-things-first doctrine, we will generally choose to follow it). However, judicial efficiency sometimes counsels starting with the federal claim. *See Babson,* 249 Or App at 307 n 6 ("[I]n some instances, where a rights claimant obviously prevails under the federal constitution regardless of whether the state law vindicates the claim, we will, as a matter of judicial efficiency, decide the case under the federal constitution without treating the state law issue."). In this case, like in *Babson*, defendant "obviously prevails under the federal constitution," so we begin and end with the Sixth Amendment.

The Sixth Amendment guarantees a criminal defendant the right of self-representation. *Faretta v. California*, 422 US 806, 814, 95 S Ct 2525, 45 L Ed 2d 562 (1975). The "improper denial of [a] request to proceed *pro se* is structural error" under the Sixth Amendment. *U. S. v. Farias*, 618 F3d 1049, 1055 (9th Cir 2010), *cert den*, 571 US 850 (2013) (citing *McKaskle v. Wiggins*, 465 US 168, 177 n 8, 104 S Ct 944, 79 L Ed 2d 122 (1984)). In this case, we agree with defendant that the trial court improperly denied his request for self-representation on December 11, based on the erroneous belief that it could not be granted until and unless appointed counsel withdrew.[2] Although the court reaffirmed

---

[2] At oral argument, the state conceded that the trial court's explanation "was not precisely correct."

defendant's right to represent himself in the process, we disagree with the state that the court simply deferred ruling. The more accurate reading of the record, in our view, is that the court denied the motion on December 11, while leaving open that it could be made again in the event that appointed counsel withdrew.

Because defendant's request on December 11 was unambiguous, it was error to deny it. The court should have engaged in a colloquy and granted the request if it was knowing and voluntary. *State v. Meyrick*, 313 Or 125, 137-38, 831 P2d 666 (1992). Moreover, under federal law, the error was structural in nature. *State v. Flores Ramos*, 367 Or 292, 303, 478 P3d 515 (2020) (stating that "wrongful denial of the right" to self-representation under the Sixth Amendment "is a structural error because of its interference with 'the fundamental legal principle that a defendant must be allowed to make his own choices about the proper way to protect his own liberty'" (quoting *Weaver v. Massachusetts*, 582 US 286, 137 S Ct 1899, 198 L Ed 2d 420 (2017)). "Structural error is not susceptible to a harmlessness analysis; if a structural error occurred, the conviction must be reversed." *Id.* at 300. Accordingly, we conclude that defendant is entitled to a new trial.

Reversed and remanded.